THEODORE WEATHERS, PLAINTIFF-RESPONDENT, v. JACOB FRIEDLAND AND MANUEL FRIEDLAND, DEFENDANTS-APPELLANTS.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Joseph Rothenberg* (*Samucl I. Kessler*, on the brief).

For the defendants-appellants, *Carey & Lane*.

PER CURIAM.

Plaintiff sued for the loss of a dog killed by an automobile that was owned by defendant Jacob Friedland and driven by the latter's son, Manuel Friedland. Judgment went for the plaintiff in the amount of $300. Defendants appeal. The reasons are grounded in the court's refusal to direct a verdict in favor of the defendants.

The evidence discloses that plaintiff, on returning from an evening walk, during which he had had the dog in leash, and on reaching a point opposite his home, unleashed the dog, whereupon the animal darted into the roadway and, three feet from the curb, was run over and killed by the left front wheel of defendants' car. The defendant Manuel Friedland was driving on the left side of the road preparatory to turning into his drive seventy-five feet distant. The car carried lights described as "cowl lights."

We are unable to find negligence on the part of the driver of the car. It is said that he was on the "wrong" side of the road. But whether the left side is the wrong side must naturally depend upon circumstances. We assume that the dog was not so highly trained as to be governed in its direction by the same regulations that control the reciprocal movements of traffic. Conditions permitting, the driver had the right to make such use of the roadway as was necessary to enable him to circle into his driveway. He could scarcely be expected to anticipate that, without warning, a dog would leap from the curb through the darkness into his path. The fact that the plaintiff had kept the dog in leash until that particular spot had been reached gives rise to the presumption that the animal was expected, when released, to do precisely what it did do, namely, bound homeward across the

street. Plaintiff was responsible for that movement, and it was that that caused the mishap. We think that if there was negligence at all it was on the part of plaintiff; and that such negligence was contributory to, if not directly responsible for, the injury.

Our conclusion is that the refusal to direct a verdict was error.

Judgment below is reversed, with costs.